UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                               v.                     **Hon. Hugh B. Scott**

                                                                         08CR234S

                                                                        **Order**

JOSE CANTRES,

                        Defendant.

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 13).

      The instant matter before the Court is the defendant's omnibus motion (Docket No. 9) which seeks the following relief: discovery pursuant to Federal Rules of Criminal Procedure 12 and 16; Bill of Particulars; Federal Rule of Civil Procedure 404(b) discovery; production of Brady material; preservation of agents' rough notes; Federal Rule of Evidence 807 notice and Rule 806 disclosure. Also before the Court is the Government's reciprocal request for discovery (Docket No. 11, Gov't Response at 14-15).

      The Government has filed responding papers (Docket No. 11) and oral argument was heard on February 23, 2009, at which time a suppression hearing was set for March 18, 2009, on defendant's motion to suppress (text minute entry, Feb. 23, 2009). Following that hearing, briefing of post-hearing submissions was extended to June 27, 2009, and the motion was deemed

submitted as of June 27, 2009. The Court will issue a separate Report & Recommendation on defendant's motion to suppress a witness' identification.

## BACKGROUND

Defendant is charged with one count of unlawful transportation of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), for possession of three firearms between November 1 and November 24, 2004, after having been convicted of a felony in 1991 (Docket No. 1, Indict.; see Docket No. 9, Def. Atty. Aff. ¶ 3).

## DISCUSSION

I.  Discovery

Defendant first seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, defendant seeks notice from the Government of intention to use certain evidence at trial (Docket No. 9, Def. Atty. Aff. ¶ 5). Under Rule 16, defendant also seeks his recorded statements and the statements of co-conspirators; his prior criminal record; tangible objects or documents (such as arrest reports, investigators' notes); items the Government intends to use as evidence at trial; items in the Government's possession, custody and/or control obtained from defendant; items that are in the

Government's custody that are material to the preparation of the defense; and the results of tests (id. ¶ 7). He also seeks photographs of defendant's truck and auto shop shown to witness Jorge Ortiz-Rivera (id. ¶ 8). He also seeks written summary of expert testimony and production of other summaries required to be produced by statute (id. ¶¶ 9, 10).

The Government generally responds that it has fulfilled its discovery obligations through voluntary disclosure (Docket No. 11, Gov't Response at 1).

A.  Defendant's Statements and Those of Co-Conspirators

Pursuant to Rule 16(a)(1)(A) the defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 9, Def. Atty. Aff. ¶ 7.a.).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[1] Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation, Clewis v. Texas 386 U.S. 707 (1967).

In this case, the Government has not expressly mentioned its disclosure of defense statements (or objections to disclosing these statements, since these fall under the Rule 16(a)(1)(A), cf. Docket No. 11, Gov't Response at 1). Thus, to the extent that the

---

[1] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

3

Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby **directed to produce** all such statements made by defendant.

Defendant has also requested production of all statements of any co-defendants, co-conspirator, whether charged or uncharged (Docket No. 9, Def. Atty. Aff. ¶ 7.a.) . This request is **denied**. It is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286 (2d Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.). The Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies. United States v. Covello, 410 F.2d 536, 543 (2d. Cir.), cert. denied, 396 U.S. 879 (1969).

B. Defendant's Prior Record

Defendant next seeks production of his prior criminal record (Docket No. 9, Def. Atty. Aff. ¶ 7.b.). To the extent not already produced, the Government will turn over a copy of defendant's criminal record (Docket No. 11, Gov't Response at 2-3). This should suffice.

C. Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government. Defendant identifies several specific categories of items which they seek to be produced. In particular, defendant seeks production of photographs shown to Rivera, in addition to the photo line up already produced (Docket No. 9, Def. Atty. Aff. ¶ 8), including photographs of the truck and shop shown to Rivera. The Government does not address specifically this demand, but this is included within its general statement that it has furnished discoverable

material in voluntary discovery and is available for inspection by defense counsel (see Docket No. 11, Gov't Response at 1).

If not produced, the Government **shall produce** the documents sought herein.

D.      Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendants have requested the production of the results of any physical or mental examinations or scientific tests (Docket No. 9, Def. Atty. Aff. ¶ 7.H.). The Government again does not address specifically these items (cf. Docket No. 11, Gov't Response at 1). Again, if not already produced, the Government **should produce** these reports, pursuant to Rule 16(a)(1)(F).

E.      Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report. The Government offers to forward the identity of its experts as they become available, proposing to call an expert from the Bureau of Alcohol, Tobacco and Firearms and possibly a handwriting expert (Docket No. 11, Gov't Response at 1-2). The Government **shall disclose its intended expert witnesses** as they become available.

II.     Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial, United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to

"preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment and the Government's disclosure (see Docket No. 11, Gov't Response at 3-4), the Court finds that defendant **is not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy. This portion of his motion is **denied**.

III.     Federal Rule of Evidence 404(b) Material

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (see Docket No. 9, Def. Notice of Motion at 2).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government states that it was in the process of obtaining that information and, as it becomes available, the Government reserved the right to offer it and provide information about it pursuant to the trial judge's pretrial Order (Docket No. 11, Gov't Response at 9). Once the Government obtains any such material it shall therefore notify defendant of its intentions in this regard pursuant to the schedule set forth in the District Court's pretrial Order.

6

IV.     Brady Material

Defendant has requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket No. 9, Def. Atty. Aff. ¶¶ 27-36).  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."  United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain (e.g., id. ¶ 36).  The Government acknowledges its continuing obligation to provide exculpatory and impeachment materials but resists defendant's broader construction of Brady and its progeny (Docket No. 11, Gov't Response at 9-12).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents

7

can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); Green, supra, 144 F.R.D. 631.

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

V.  Preservation of Rough Notes

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The Government has agreed to preserve any evidence seized in the case and notes deemed to be witness statements under the Jencks Act and such rough notes subsequently memorialized (Docket No. 11, Gov't Response at 12-13). This **is sufficient**.

VI.  Residual Exclusion, Federal Rules of Evidence 807 and 806

Defendant next seeks notice from the Government of its intention to use of any hearsay exception statements and disclosure of any impeachment information concerning any hearsay declarant, pursuant to Federal Rule of Evidence 806 (Docket No. 9, Def. Atty. Aff. ¶¶ 41-42, 43-44). The Government is not aware of any statements that fall within either rule but is aware of its obligations with respect to disclosure under either rule (Docket No. 11, Gov't Response at 13).

VII.  Reciprocal Government Discovery

The Government has moved for reciprocal discovery from defendant (Docket No. 11, Gov't Response at 14-15). Under Rule 16, the Government is entitled to production of

documents in defendant's possession that he intend to use in his case-in-chief. Defendant is reminded of his obligations under Rule 16 to produce. That request is **granted**.

## CONCLUSION

For the reasons stated above, so much of defendant's omnibus motion (Docket No. 9) seeking various forms of discovery is **granted in part, denied in part**, as discussed in detail above. The Government's motion for reciprocal discovery from defendant (Docket No. 11, Gov't Response at 14-15) is **granted**.

So Ordered.

                                                    */s/ Hugh B. Scott*
                                                    Honorable Hugh B. Scott
                                                    United States Magistrate Judge

Dated: Buffalo, New York
       July 24, 2009